IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SKYE COUAMIN,<br><br>　　　Plaintiff,<br><br>　v.<br><br>BURLINGTON COAT FACTORY DIRECT CORPORATION, AND BURLINGTON COAT FACTORY DIRECT CORPORATION,<br><br>Defendants. | Civil Action File<br>No. 21-C-03582-S3 |

**NOTICE OF REMOVAL TO U.S. DISTRICT COURT**

　　　COME NOW the entities referred to in the complaint as Burlington Coat Factory Direct Corporation and Burlington Coat Factory Warehouse Corporation, appearing specially after being named as defendants, and file this notice of removal:

　　　In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　DREW, ECKL & FARNHAM, LLP

　　　　　　　　　　　　　　　　　　　　　S/ G. RANDALL MOODY
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　G. RANDALL MOODY
　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 517702
　　　　　　　　　　　　　　　　　　　　　PAUL A. GROTE
　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 248931

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
grotep@deflaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL TO U.S. DISTRICT COURT** upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

>Rachel Green
>CAMBRE & ASSOCIATES
>2310 Parklake Drive, Suite 300
>Atlanta, Georgia 303451
>*Attorneys for Plaintiff*

This 16th day of June, 2021

                              Respectfully submitted,

                              DREW, ECKL & FARNHAM, LLP

                              S/ G. RANDALL MOODY

                              G. RANDALL MOODY
                              Georgia Bar No. 517702
                              PAUL A. GROTE
                              Georgia Bar No. 248931

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
grotep@deflaw.com

11659137/1
06544-204854

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SKYE COUAMIN,<br><br>    Plaintiff,<br><br>  v.<br><br>BURLINGTON COAT FACTORY DIRECT CORPORATION, AND BURLINGTON COAT FACTORY DIRECT CORPORATION,<br><br>    Defendants. | Civil Action File No. |

**NOTICE OF REMOVAL**

COME NOW the entities referred to in the complaint as Burlington Coat Factory Direct Corporation and Burlington Coat Factory Warehouse Corporation, appearing specially after being named as defendants, and file this notice of removal, respectfully providing the Court with the following facts as grounds for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Burlington Coat Factory Warehouse Corporation and Factory Direct Corporation as defendants in *Skye Couamin v. Burlington Coat Factory Direct Corporation* et al., case number 21-C-03582-S3, before the State Court of Gwinnett County, State of Georgia. Gwinnett County is within the Atlanta Division of this Court.

2.

Plaintiff is a citizen and resident of Georgia.

3.

Defendant Burlington Coat Factory Direct Corporation is a New Jersey corporation with a principal place of business located at 1830 Route 130 North, Burlington, New Jersey. (Complaint ¶ 3). For purposes of diversity, defendant Burlington Coat Factory Warehouse corporation is a citizen of New Jersey. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

4.

Defendant Burlington Coat Factory Warehouse Corporation is a Florida corporation with a principal place of business located at 1830 Route 130 North, Burlington, New Jersey. For purposes of diversity, defendant Burlington Coat Factory Warehouse corporation is a citizen of New Jersey and Florida. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

5.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in

good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). Where a pleading seeks an unspecified amount of damages, the defendant must show by "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). *See also Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); 28 U.S.C. § 1332(c)(2). A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Settlement demands are evidence of the amount in controversy, and settlement demands that provide evidence of plaintiff's injuries are given more weight. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *Land Clearing Co., LLC v. Navistar, Inc.*, No. CIV.A. 11-0645-WS-M, 2012 WL 206171, at *4 (S.D. Ala. Jan. 24, 2012); *Benandi v. Mediacom Se., LLC,* No. CIV.A. 11-00498-CG-N, 2011 WL 5077403, at *2 (S.D. Ala. Sept. 30, 2011), report and recommendation adopted, No. CIV.A. 11-00498-CG-N, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011). Here, the Complaint on the final page alleged that plaintiff is entitled to compensatory damages of not less than $50,000.  In addition, plaintiff claimed medical expenses of not less than $6972.00 along with permanent impairment and pain and suffering.

(Complaint page 10) Defense counsel communicated with plaintiff's counsel and requested stipulation that plaintiff sign a stipulation that plaintiff did not seek and would not seek more than $75,000.  Plaintiff, through counsel, has not signed or agreed to the stipulation so plaintiff must seek more than $75,000.   Reported jury verdicts show that the amount in controversy exceeds $75,000. For example, in *Joydi Ovalle v. Jon Doe & State Farm Mutual Automobile Insurance Company*, No. EV 014832), the jury awarded a $150,000 verdict for a soft tissue injury to the neck that required chiropractic care and epidural pain injections with $27,000 in medical specials. In the automobile accident case of *Damian Gaynor v. Anthony Carantzas* (No. 15ev001387, State Court of Fulton County) the plaintiff received a $82,401.44 verdict following a diagnosis of a lumbar disc herniation that required physical therapy and epidural steroid injections.  Plaintiff claimed $3,742.62 in lost wages and $32,401 in medical expenses.  The jury awarded plaintiff $80,000 in the case of *Laverne Arnold v. Christopher Richardson and American Door & Hardware, Inc*. (No. 11C-03220-S6, State Court of Gwinnett County) where plaintiff was involved in a minor rear end accident and received treatment for aggravation of her pre-existing degenerative cervical and lumbar disc disease, which included epidural injections.  Plaintiff incurred $16,000 in medical expenses.  The plaintiff in *Rita Renshaw v.*

*Jorge Cardena and State Farm Mutual Automobile Insurance Co.* (No. 2013-CV-02539-C, State Court of Clayton County) received a verdict of $99,256 after incurring $9,256 in medical expenses following an automobile accident that led to soft tissue cervical and shoulder injuries. Federal courts in this district acknowledge that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group, Inc. et al.* (Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41); *Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  This evidence shows the amount in controversy exceeds $75,000.

6.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §

1332(a) and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. §§ 1441 and 1446. As noted in the previous paragraph, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

7.

Defendants attach hereto copies of all pleadings and orders served upon them in this case as Exhibit "A".

8.

Defendants filed a written notice with the clerk of the State Court of Gwinnett County, a copy of which is attached as Exhibit "B".

9.

Defendants attach hereto copies of all pleadings they served in this case in the State Court of Gwinnett County as Exhibit "C".

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

G. RANDALL MOODY

G. RANDALL MOODY
Georgia Bar No. 517702
PAUL A. GROTE
Georgia Bar No. 248931

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
[moodyr@deflaw.com](mailto:moodyr@deflaw.com)
[grotep@deflaw.com](mailto:grotep@deflaw.com)

**CERTIFICATE OF FONT COMPLIANCE**

Counsel for defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court: Courier New 12 Point.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

>Rachel Green
>Ga. Bar No.  307386
>CAMBRE & ASSOCIATES
>2310 Parklake Drive, Suite 300
>Atlanta, Georgia 303451
>*Attorneys for Plaintiff*

This     day of June, 2021

>Respectfully submitted,
>DREW, ECKL & FARNHAM, LLP
>
>G. RANDALL MOODY
>_____
>G. RANDALL MOODY
>Georgia Bar No. 517702
>PAUL A. GROTE
>Georgia Bar No. 248931

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
grotep@deflaw.com

11658966/1
06544-204854

-8-