# EXHIBIT A

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03582-S3
5/12/2021 9:46 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Skye Couamin c/o Cambre & Associates

2310 Parklake Drive, Suite 300

## Atlanta, Georgia 30345

PLAINTIFF

CIVIL ACTION
NUMBER:_____ 21-C-03582-S3

VS.

Burlington Coat Factory Direct Corp.

Burlington Coat Factory Warehouse Corp.

DEFENDANT

## SUMMONS

TO: Burlington Coat Factory Direct Corporation c/o C T Corporation Systems 289 S. Culver St, Lawrenceville GA 30046

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Rachel Green, Esq., Cambre & Associates
2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____12TH____ day of ____MAY____, 20__21__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03582-S3**
**5/12/2021 9:46 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SKYE COUAMIN, | : | |
| | : | CIVIL ACTION FILE NO: |
| Plaintiff, | : | |
| | : | **21-C-03582-S3** |
| v. | : | |
| | : | |
| BURLINGTON COAT FACTORY DIRECT | : | |
| CORPORATION, and BURLINGTON COAT | : | |
| FACTORY WAREHOUSE COPORATION, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR DAMAGES

COMES NOW Latasha Barnett, Plaintiff in the above-styled action, by and through undersigned counsel, and files this Complaint for Damages against Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION and Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, respectfully showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Skye Couamin (hereinafter "Plaintiff") is a resident of the State of Georgia and can be served with all pleadings and filings in this case by and through undersigned counsel, Rachel Green, Esq., Glenn Cambre & Associates, 2310 Parklake Drive, Northeast, Suite 300, Atlanta, Georgia 30345.

2.

Defendant Burlington Coat Factory Direct Corporation (hereinafter "Burlington Direct") is a for profit foreign corporation organized and existing under the laws of the State of New Jersey and licensed to transact business in the State of Georgia. Defendant can be served with a copy of

the Summons and the Complaint by and through its registered agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

3.

Defendant Burlington Coat Factory Direct Corporation (hereinafter "Burlington Direct") is a for profit foreign corporation organized and existing under the laws of the State of New Jersey and licensed to transact business in the State of Georgia. Defendant can be served with a copy of the Summons and the Complaint by and through its registered agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

4.

Jurisdiction and venue are proper in this Court as to Defendant pursuant to O.C.G.A. § 14-2-510(b)(1).

## FACTUAL BACKGROUND

5..

Plaintiff hereby realleges and reasserts Paragraphs 1-4 as if fully set forth herein.

6.

Burlington Direct is the owner and occupier of a commercial retail establishment located at 245 Robert C Daniel Jr Pkwy, Augusta, GA 30909 (hereinafter "Burlington Store"). Burlington Direct invited the general public, including Plaintiff, to enter the premises of the Burlington Store to shop and purchase various items from Burlington Direct.

7.

Burlington Warehouse is the owner and occupier of a commercial retail establishment located at 245 Robert C Daniel Jr Pkwy, Augusta, GA 30909 (hereinafter "Burlington Store").

-2-

Burlington Warehouse invited the general public, including Plaintiff, to enter the premises of the Burlington Store to shop and purchase various items from Burlington Warehouse.

8.

On May 12, 2019, Plaintiff was an invitee, shopping on the premises of the Burlington Store.

9.

While shopping on the premises, suddenly and without warning, Plaintiff slipped on wet substance, presumably from a Coke machine inside the Burlington Store and fell violently to the floor, causing Plaintiff to sustain serious and permanent injuries.

10.

As Plaintiff was falling to the floor, water bottles located on top of the Coke machine fell and struck Plaintiff in her head.

11.

As a result of Burlington Direct's failure to properly inspect, monitor and/or maintain its premises, Plaintiff sustained permanent and severe injuries, including but not limited to, back pain, dislocating her right shoulder and other serious and severe personal injuries.

12.

As a result of the Burlington Direct's failure to properly maintain its premises, Plaintiff incurred medical expenses, has been deprived of the ordinary pleasures of life, and lost her well-being, overall health, strength and vitality.

13.

-3-

As a result of Burlington Warehouse's failure to properly inspect, monitor and/or maintain its premises, Plaintiff sustained permanent and severe injuries, including but not limited to, back pain, dislocating her right shoulder and other serious and severe personal injuries.

14.

As a result of the Burlington Warehouse's failure to properly maintain its premises, Plaintiff incurred medical expenses, has been deprived of the ordinary pleasures of life, and lost her well-being, overall health, strength and vitality.

## COUNT I -- NEGLIGENCE

15.

Plaintiff hereby realleges and reasserts Paragraphs 1- 14 as if fully set forth herein.

16.

Burlington Direct, as the owner and occupier of an establishment in which Plaintiff was an invitee, negligently:

a. Failed to maintain the floor of the Burlington Store in a reasonably safe condition;

b. Allowed a wet substance to come into contact with and remain on the floor of Burlington Store when Burlington Direct knew, or in the exercise of reasonable care should have known, that the slippery substance created an unreasonable risk of harm to invitees like Plaintiff and/or others in the store;

c. Failed to warn Plaintiff of the danger presented by the presence of the wet substance on the floor;

d. Failed to install a nonslip surface on the floor of the Burlington Store; and

e. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

17.

As a direct and proximate result of Burlington Direct's negligence, Plaintiff fell and sustained severe and permanent injuries; therefore, Plaintiff is entitled to recover definite, certain and/or readily calculable damages from Defendant in an amount to be proven at trial.

18.

Burlington Direct's negligence is the sole and proximate cause of Plaintiff's injuries and damages.

19.

Burlington Warehouse, as the owner and occupier of an establishment in which Plaintiff was an invitee, negligently:

a. Failed to maintain the floor of the Burlington Store in a reasonably safe condition;

b. Allowed a wet substance to come into contact with and remain on the floor of Burlington Store when Burlington Warehouse knew, or in the exercise of reasonable care should have known, that the slippery substance created an unreasonable risk of harm to invitees like Plaintiff and/or others in the store;

c. Failed to warn Plaintiff of the danger presented by the presence of the wet substance on the floor;

d. Failed to install a nonslip surface on the floor of the Burlington Store; and

e. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

20.

As a direct and proximate result of Burlington Warehouse's negligence, Plaintiff fell and sustained severe and permanent injuries; therefore, Plaintiff is entitled to recover definite, certain and/or readily calculable damages from Defendant in an amount to be proven at trial.

21.

-5-

Burlington Warehouse's negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT II – DAMAGES

22.

Plaintiff hereby realleges and reasserts Paragraphs 1- 21 as if fully set forth herein.

23.

As a direct and proximate cause of Defendants' negligence, Plaintiff suffered special and general damages that she is entitled to recover in this case in an amount to be proven at trial. Plaintiff's medical special damages to date are:

| Prime Integrative Healthcare | $6,972.00 |
| TOTAL | $6,972.00 |

24.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

25.

As a direct and proximate result of the negligence of Defendants, as hereinabove alleged, Plaintiff was caused to suffer significant bodily injury, pain and suffering, and mental anguish.

26.

As a result of the conduct of Defendant, Defendant is liable to Plaintiff for damages associated with her personal injuries, pain and suffering, severe emotional distress, financial and economic loss, including but not limited to obligations for medical services and expenses, and other damages for which she is entitled to compensatory and equitable damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays as follows:

(a)    That this Complaint and Summons be properly served on Defendants;

(b)    That Plaintiff have and receive judgment against Defendants for all damages
       sustained by Plaintiff caused by Defendants' negligence, including all special
       damages, in an amount not less than $6,972.00 and general damages suffered by
       Plaintiff, in an amount to be determined by the enlightened conscience of a fair and
       impartial jury;

(c)    That Plaintiff be awarded compensatory damages from the Defendants for her past,
       present, and future physical and emotional pain and suffering, permanent
       impairment, diminution in the enjoyment of living, and diminished mobility in such
       an amount as may be shown by the evidence and determined by the enlightened
       conscience of a fair and impartial jury but not less than $50,000.00;

(d)    That Defendants be charged with all court costs attributable to this action and such
       other costs reasonably incurred in the prosecution and trial of this case;

(e)    That Plaintiff have a trial by jury; and

(f)    For such other relief as the Court deems appropriate.

Respectfully submitted this 12th day of May, 2021.

**CAMBRE & ASSOCIATES**

*/s/ Rachel Green*
RACHEL GREEN
Georgia Bar No. 307386
*Attorney for Plaintiff Skye Couamin*

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
(770) 502-6116 - Telephone
(770) 637-8098 – Facsimile
rachel@glenncambre.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03582-S3**
**5/12/2021 9:46 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SKYE COUAMIN,                          :
                                       :        CIVIL ACTION FILE NO:
         Plaintiff,                    :
                                       :        **21-C-03582-S3**
                                       :
v.                                     :
                                       :
BURLINGTON COAT FACTORY DIRECT         :
CORPORATION, and BURLINGTON COAT       :
FACTORY WAREHOUSE COPORATION,          :
                                       :
         Defendants.                   :

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BURLINGTON COAT FACTORY DIRECT CORPORATION
*(Served with the Complaint)*

---

COMES NOW Plaintiff SKYE COUAMIN in the above styled civil action, and hereby serves her First Continuing Interrogatories to Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your responses upon Plaintiff's counsel within forty-five (45) days after service.

If you object to any portion of any Interrogatory, answer such Interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

### DEFINITIONS

1.      When used herein, the term "identify" when used in connection with individuals,

-1-

means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the document has been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to Burlington Coat Factory Direct Corporation and any agents, representatives or employees acting on your behalf or for your benefit.

3.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control or custody of Defendant or of which Defendant has knowledge, including without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

4.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

5.      As used herein, "date" shall mean the exact date, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

6.      As used herein, "identify" or "specify," when used in reference to:

-2-

(a)          a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present or last known business or government affiliation (designating which) job title, employment address, business and residence telephone numbers (designating which);

(b)          in the case of a <u>document</u>, the title (if any); the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)          in the case of an <u>oral</u> <u>communication,</u> the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody or control of Defendant, what disposition was made of it, and why.

7.      When the identification of documents is requested by these Interrogatories, Plaintiffs may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories provided it marks each document to designate the paragraph of the Interrogatory to which document is responsive.

8.      The phrase "store" shall refer to the Burlington Store, located at 245 Robert C Daniel Jr Pkwy, Augusta, Richmond County, Georgia 30909.

9.      The word "Incident" shall refer to the fall that is the subject of Plaintiff's Complaint.

10.     Note: These Interrogatories and any accompanying Requests to Produce shall be deemed continuing so as to require supplemental answers pursuant to O.C.G.A. § 9-11-26(e).

## INTERROGATORIES

1.

State the full name, address, employer, and job title of every person who provided information or assisted in the preparation of your responses to these Interrogatories.

2.

Identify all eyewitnesses to all or part of the incident which is the subject of this litigation, and state the location of each eyewitness at the time of the incident which is the subject of this litigation.

3.

Identify all persons who, not heretofore or hereinafter mentioned, have personal knowledge of the facts material to this case, and describe what knowledge each person possesses.

4.

Identify all persons who investigated the cause and circumstances of the subject incident and the damages suffered by the Plaintiff.

5.

Identify all persons you know to have given any signed or recorded statements concerning the incident which is the subject of this litigation.

6.

State whether you have knowledge or possession of any photograph, motion picture, video, drawing, or diagram depicting the scene or any objects or person connected to the incident which

is the subject of this litigation. Include the date any photograph, picture, video, drawing or diagram was taken or drawn, and by whom and who has custody of each.

7.

Identify each expert you expect to call at trial, and with respect to each such person state (a) the subject matter on which the expert is expected to testify, (b) the substance of the facts and opinions to which the expert is expected to testify, and (c) a summary of the grounds for each opinion.

8.

Explain your contention of how the subject incident occurred.

9.

State whether you contend that any other person or entity, whether or not a party to this action, acted in such a negligent or other manner as to have caused or contributed to the incident which is the subject matter of this occurrence, and state the facts upon which you rely in so contending.

10.

Identify all persons who worked at or for the Burlington Store located at 245 Robert C Daniel Jr Pkwy, Augusta, GA 30909 (hereinafter "Burlington Store") in the one (1) year preceding and including May 12, 2019. For all such persons, state their full name, last known address and telephone number, employment position, and dates of employment.

11.

Identify any and all incident reports or other documents that were generated by any person or entity as a result of the subject incident.

-5-

12.

If you, anyone acting on your behalf, or anyone performing maintenance or janitorial services at the Burlington Store has received or become aware of any injuries alleged to be suffered by any person in a trip-and-fall or slip-and-fall incident at that store, please state the date of alleged injury; the date the claim was received; the name and address of alleged injured claimant and the name and address of claimant's attorney (if any).

13.

Do you contend that any person or entity other than you and your employees and agents was responsible for the condition, inspection, management, and/or maintenance of the store?  If so, identify each such person or entity and state each and every fact on which you base your contention and identify each and every document that supports the contention.

14.

If you or anyone acting on your behalf contend that Plaintiff made any admission or declaration against interest that would tend to support your defense of this action in any way, state:

(a) the time and place that you contend such admission or declaration was made;

(b) the substance of the admission or declaration you contend was made; and

(c) the names and addresses of all persons in whose presence you contend such admission or declaration was made.

15.

Identify any person known to you who has been responsible for making any incident reports or otherwise documenting any incidents that occurred at the store as of May 12, 2019.

16.

Identify the name, employment title and job duties of the person(s) responsible for management and maintenance of the store on May 12, 2019 and, if no longer employed, please provide the last known address and telephone number for each.

17.

As to any video, you have identified in response to Interrogatory No. 6, please identify the chain of custody of that item up through production to Plaintiff, how such video, etc., was made and maintained, who made and maintained such video etc., and who has viewed or reviewed that item on behalf of Defendant.

18.

Has any such item identified in response to Interrogatory No. 6 been modified, or altered in any way, and if so, how it was modified or altered from its original form.

---

Pursuant to U.S.C.R. 5.2 (2), this is to certify that the foregoing pleading was delivered for service with the Summons and Complaint upon the Defendant. The original of this request has been filed with the Court in accordance with Section 5 of the Georgia Civil Practice Act (O.C.G.A. 9-11-5) and this copy is herewith served upon you in accordance with said section.

Respectfully submitted this 12th day of May, 2021.

**CAMBRE & ASSOCIATES**

*/s/ Rachel Green*
RACHEL GREEN
Georgia Bar No. 307386
*Attorney for Plaintiff Skye Couamin*

-7-

2310 Parklake Drive, Suite 300
Atlanta, Georgia  30345
(770) 502-6116 - Telephone
(770) 637-8098 – Facsimile
rachel@glenncambre.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03582-S3**
**5/12/2021 9:46 PM**
TIANA P. GARNER, CLERK

· IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SKYE COUAMIN, | : | |
| | : | CIVIL ACTION FILE NO: |
| Plaintiff, | : | |
| | : | **21-C-03582-S3** |
| v. | : | |
| | : | |
| BURLINGTON COAT FACTORY DIRECT | : | |
| CORPORATION, and BURLINGTON COAT | : | |
| FACTORY WAREHOUSE COPORATION, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF SYKE COUAMIN'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BURLINGTON COAT FACTORY DIRECT CORPORATION

COMES NOW Plaintiff SKYE COUAMIN in the above styled civil action, and hereby serves her First Requests for Production of Documents to Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION pursuant to O.C.G.A. § 9-11-34, you are requested and instructed to answer the following Requests, separately and fully in writing under oath, and to serve your responses upon Plaintiff's counsel within forty-five (45) days after service.

### DEFINITIONS

Unless the context specifically indicates otherwise, the terms listed below shall have the following meaning:

(a) Document - shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of the Defendant or of which the Defendant has knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes,

-1-

bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, photographic slides, film, microfilm, graphs, charts, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

(b)     Person - As used herein "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(c)     Date - As used herein "date" shall mean the exact day, month and year if known to the Defendant, or, if the exact date is not known, the best available approximation.

(d)     Identify - As used herein "identify" when used in reference to:

(1)     an individual, shall mean to state his full name, present or last known residential address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2)     a firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

(3)     a document shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, the names of the persons known to have seen the document or to have received copies, and its present location or custodian;

-2-

(4)     an <u>oral</u> <u>communication</u> shall mean the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto;

(e)     <u>"Defendant" or "You"</u> - as used herein, the terms "Defendant" or "you" or "your" refer to Burlington Coat Factory Direct Corporation and any agents, representatives or employees acting on your behalf or for your benefit;

(f)     The phrase "store" shall refer to the Burlington Store, located at 245 Robert C Daniel Jr Pkwy, Augusta, Richmond County, Georgia  30909.

(g)     The word "Incident" shall refer to the fall that is the subject of Plaintiff's Complaint.

## INSTRUCTIONS

<u>Objections Based on Privilege</u> -- in the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     the type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(b)     the name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     the type of privilege claimed;

(d)     a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing,

-3-

(e)     the number of each specific Document Request to which the withheld documents is responsive; and

(f)     if privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Organization of Documents -- All documents produced in response to this request shall be organized and labeled to correspond with the number of the Document Request to which the documents are responsive.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents or items identified by you in response to Plaintiff's First Continuing Interrogatories to Burlington Coat Factory Direct Corporation.

2.

Any and all incident reports or files maintained by you, prepared by you, or provided to you regarding the subject incident.

3.

Any and all records that reflect all persons who were employed to perform any inspection, maintenance or janitorial duties at the Burlington Store, located at 245 Robert C Daniel Jr Pkwy, Augusta, Richmond County, Georgia 30909 one (1) year preceding and including May12, 2019.

4.

Any and all statements obtained by you or anyone else regarding the subject incident.

5.

-4-

The complete personnel files for all employees that were working at or for the Burlington Store on May 12, 2019, including persons who were employed to perform any inspection, maintenance or management duties.

6.

Any and all photographs or video tapes of any person or object involved in the subject incident, including but not limited to the Plaintiff or the area where Plaintiff's fall occurred.

7.

Any and all documents and tangible evidence that support any of your defenses to Plaintiff's claims in this case.

8.

Any and all documents pertaining to the care, upkeep, maintenance, inspection, management and repair of common areas, including but not limited to the area where Plaintiff fell, including inspection records, maintenance and repair records, and employee training manuals.

9.

Any and all work orders, incident reports, notices of complaints, upkeep and maintenance records, contracts, and any and all other documents which evidence, refer to, reflect, pertain to, or concern any way the maintenance, management, inspection, and/or repair of the flooring of the Burlington Store.

10.

All documents which evidence, refer to, reflect, pertain to or concern in any way to the procedure for handling a claim of injury that takes place at Burlington stores, including, but not limited to, any and all procedure manuals, letters, memos, instruction manuals and other writings.

11.

-5-

All reports, notes, and documents which evidence, refer to or reflect any and all complaints regarding the condition or maintenance of the common areas at the Burlington Store in the last five (5) years.

12.

All reports, notes, and documents which evidence, refer to or reflect any and all claims resulting from injuries alleged to be suffered within the last five (5) years by any person in a trip-and-fall or slip-and-fall incident at the Burlington Store.

13.

Any and all notes, correspondence, memoranda, or other documentation provided to or generated by any expert acting on your behalf.

14.

All documents supporting your claim that any person or entity other than you and your employees or agents was responsible for the condition, inspection, management and/or maintenance of the Burlington Store as of May 12, 2019.

15.

Any and all documents that may support any contention made by you that any other person or entity is responsible for the injuries and damages suffered by the Plaintiff.

16.

All reports made as a result of any inspection, examination, or investigation by any person as a result of the subject incident, and the name, address and telephone number of said individual(s) who prepared said report.

---

Pursuant to U.S.C.R. 5.2 (2), this is to certify that the foregoing pleading was delivered for service with the Summons and Complaint upon the Defendant. The original of this request has been filed with the Court in accordance with Section 5 of the Georgia Civil Practice Act (O.C.G.A. 9-11-5) and this copy is herewith served upon you in accordance with said section. Respectfully submitted this 12th day of May, 2021.

**CAMBRE & ASSOCIATES**

*/s/ Rachel Green*
RACHEL GREEN
Georgia Bar No. 307386
*Attorney for Plaintiff Skye Couamin*

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
(770) 502-6116 - Telephone
(770) 637-8098 – Facsimile
rachel@glenncambre.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03582-S3
5/12/2021 9:46 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SKYE COUAMIN,                          :
                                       :        CIVIL ACTION FILE NO:
        Plaintiff,                     :
                                       :          **21-C-03582-S3**
                                       :
v.                                     :
                                       :
BURLINGTON COAT FACTORY DIRECT         :
CORPORATION, and BURLINGTON COAT       :
FACTORY WAREHOUSE COPORATION,          :
                                       :
        Defendants.                    :

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BURLINGTON COAT FACTORY DIRECT CORPORATION
*(Served with the Complaint)*

---

COMES NOW Plaintiff SKYE COUAMIN in the above styled civil action, and hereby serves her First Continuing Interrogatories to Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your responses upon Plaintiff's counsel within forty-five (45) days after service.

If you object to any portion of any Interrogatory, answer such Interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

### **DEFINITIONS**

1.      When used herein, the term "identify" when used in connection with individuals,

-1-

means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the document has been previously identified fully, it may be identified by name in subsequent responses.

2.    When used herein, the terms "Defendant" or "you" or "your" refer to Burlington Coat Factory Direct Corporation and any agents, representatives or employees acting on your behalf or for your benefit.

3.    As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control or custody of Defendant or of which Defendant has knowledge, including without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

4.    As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

5.    As used herein, "date" shall mean the exact date, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

6.    As used herein, "identify" or "specify," when used in reference to:

-2-

(a)        a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present or last known business or government affiliation (designating which) job title, employment address, business and residence telephone numbers (designating which);

(b)        in the case of a <u>document</u>, the title (if any); the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)        in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody or control of Defendant, what disposition was made of it, and why.

7.        When the identification of documents is requested by these Interrogatories, Plaintiffs may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories provided it marks each document to designate the paragraph of the Interrogatory to which document is responsive.

8.        The phrase "store" shall refer to the Burlington Store, located at 245 Robert C Daniel Jr Pkwy, Augusta, Richmond County, Georgia 30909.

9.        The word "Incident" shall refer to the fall that is the subject of Plaintiff's Complaint.

-3-

10.     Note: These Interrogatories and any accompanying Requests to Produce shall be deemed continuing so as to require supplemental answers pursuant to O.C.G.A. § 9-11-26(e).

## **INTERROGATORIES**

1.

State the full name, address, employer, and job title of every person who provided information or assisted in the preparation of your responses to these Interrogatories.

2.

Identify all eyewitnesses to all or part of the incident which is the subject of this litigation, and state the location of each eyewitness at the time of the incident which is the subject of this litigation.

3.

Identify all persons who, not heretofore or hereinafter mentioned, have personal knowledge of the facts material to this case, and describe what knowledge each person possesses.

4.

Identify all persons who investigated the cause and circumstances of the subject incident and the damages suffered by the Plaintiff.

5.

Identify all persons you know to have given any signed or recorded statements concerning the incident which is the subject of this litigation.

6.

State whether you have knowledge or possession of any photograph, motion picture, video, drawing, or diagram depicting the scene or any objects or person connected to the incident which

-4-

is the subject of this litigation. Include the date any photograph, picture, video, drawing or diagram was taken or drawn, and by whom and who has custody of each.

7.

Identify each expert you expect to call at trial, and with respect to each such person state (a) the subject matter on which the expert is expected to testify, (b) the substance of the facts and opinions to which the expert is expected to testify, and (c) a summary of the grounds for each opinion.

8.

Explain your contention of how the subject incident occurred.

9.

State whether you contend that any other person or entity, whether or not a party to this action, acted in such a negligent or other manner as to have caused or contributed to the incident which is the subject matter of this occurrence, and state the facts upon which you rely in so contending.

10.

Identify all persons who worked at or for the Burlington Store located at 245 Robert C Daniel Jr Pkwy, Augusta, GA 30909 (hereinafter "Burlington Store") in the one (1) year preceding and including May 12, 2019. For all such persons, state their full name, last known address and telephone number, employment position, and dates of employment.

11.

Identify any and all incident reports or other documents that were generated by any person or entity as a result of the subject incident.

12.

If you, anyone acting on your behalf, or anyone performing maintenance or janitorial services at the Burlington Store has received or become aware of any injuries alleged to be suffered by any person in a trip-and-fall or slip-and-fall incident at that store, please state the date of alleged injury; the date the claim was received; the name and address of alleged injured claimant and the name and address of claimant's attorney (if any).

13.

Do you contend that any person or entity other than you and your employees and agents was responsible for the condition, inspection, management, and/or maintenance of the store? If so, identify each such person or entity and state each and every fact on which you base your contention and identify each and every document that supports the contention.

14.

If you or anyone acting on your behalf contend that Plaintiff made any admission or declaration against interest that would tend to support your defense of this action in any way, state:

(a) the time and place that you contend such admission or declaration was made;

(b) the substance of the admission or declaration you contend was made; and

(c) the names and addresses of all persons in whose presence you contend such admission or declaration was made.

15.

Identify any person known to you who has been responsible for making any incident reports or otherwise documenting any incidents that occurred at the store as of May 12, 2019.

16.

Identify the name, employment title and job duties of the person(s) responsible for management and maintenance of the store on May 12, 2019 and, if no longer employed, please provide the last known address and telephone number for each.

17.

As to any video, you have identified in response to Interrogatory No. 6, please identify the chain of custody of that item up through production to Plaintiff, how such video, etc., was made and maintained, who made and maintained such video etc., and who has viewed or reviewed that item on behalf of Defendant.

18.

Has any such item identified in response to Interrogatory No. 6 been modified, or altered in any way, and if so, how it was modified or altered from its original form.

---

Pursuant to U.S.C.R. 5.2 (2), this is to certify that the foregoing pleading was delivered for service with the Summons and Complaint upon the Defendant. The original of this request has been filed with the Court in accordance with Section 5 of the Georgia Civil Practice Act (O.C.G.A. 9-11-5) and this copy is herewith served upon you in accordance with said section.

Respectfully submitted this 12th day of May, 2021.

**CAMBRE & ASSOCIATES**

/s/ Rachel Green
RACHEL GREEN
Georgia Bar No. 307386
*Attorney for Plaintiff Skye Couamin*

-7-

2310 Parklake Drive, Suite 300
Atlanta, Georgia  30345
(770) 502-6116 - Telephone
(770) 637-8098 – Facsimile
rachel@glenncambre.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03582-S3**
**5/12/2021 9:46 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SKYE COUAMIN, | : | |
| | : | CIVIL ACTION FILE NO: |
| Plaintiff, | : | **21-C-03582-S3** |
| | : | |
| v. | : | |
| | : | |
| BURLINGTON COAT FACTORY DIRECT | : | |
| CORPORATION, and BURLINGTON COAT | : | |
| FACTORY WAREHOUSE COPORATION, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF SYKE COUAMIN'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BURLINGTON COAT FACTORY DIRECT CORPORATION

COMES NOW Plaintiff SKYE COUAMIN in the above styled civil action, and hereby serves her First Requests for Production of Documents to Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION pursuant to O.C.G.A. § 9-11-34, you are requested and instructed to answer the following Requests, separately and fully in writing under oath, and to serve your responses upon Plaintiff's counsel within forty-five (45) days after service.

### DEFINITIONS

Unless the context specifically indicates otherwise, the terms listed below shall have the following meaning:

(a) <u>Document</u> - shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of the Defendant or of which the Defendant has knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes,

-1-

bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, photographic slides, film, microfilm, graphs, charts, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

(b)     Person - As used herein "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(c)     Date - As used herein "date" shall mean the exact day, month and year if known to the Defendant, or, if the exact date is not known, the best available approximation.

(d)     Identify - As used herein "identify" when used in reference to:

(1)     an individual, shall mean to state his full name, present or last known residential address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2)     a firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

(3)     a document shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, the names of the persons known to have seen the document or to have received copies, and its present location or custodian;

(4)    an <u>oral</u> <u>communication</u> shall mean the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto;

(e)    <u>"Defendant" or "You"</u> - as used herein, the terms "Defendant" or "you" or "your" refer to Burlington Coat Factory Direct Corporation and any agents, representatives or employees acting on your behalf or for your benefit;

(f)    The phrase "store" shall refer to the Burlington Store, located at 245 Robert C Daniel Jr Pkwy, Augusta, Richmond County, Georgia  30909.

(g)    The word "Incident" shall refer to the fall that is the subject of Plaintiff's Complaint.

## INSTRUCTIONS

<u>Objections Based on Privilege</u> -- in the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)    the type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(b)    the name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)    the type of privilege claimed;

(d)    a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing,

-3-

(e)   the number of each specific Document Request to which the withheld documents is responsive; and

(f)   if privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Organization of Documents -- All documents produced in response to this request shall be organized and labeled to correspond with the number of the Document Request to which the documents are responsive.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents or items identified by you in response to Plaintiff's First Continuing Interrogatories to Burlington Coat Factory Direct Corporation.

2.

Any and all incident reports or files maintained by you, prepared by you, or provided to you regarding the subject incident.

3.

Any and all records that reflect all persons who were employed to perform any inspection, maintenance or janitorial duties at the Burlington Store, located at 245 Robert C Daniel Jr Pkwy, Augusta, Richmond County, Georgia 30909 one (1) year preceding and including May12, 2019.

4.

Any and all statements obtained by you or anyone else regarding the subject incident.

5.

-4-

The complete personnel files for all employees that were working at or for the Burlington Store on May 12, 2019, including persons who were employed to perform any inspection, maintenance or management duties.

6.

Any and all photographs or video tapes of any person or object involved in the subject incident, including but not limited to the Plaintiff or the area where Plaintiff's fall occurred.

7.

Any and all documents and tangible evidence that support any of your defenses to Plaintiff's claims in this case.

8.

Any and all documents pertaining to the care, upkeep, maintenance, inspection, management and repair of common areas, including but not limited to the area where Plaintiff fell, including inspection records, maintenance and repair records, and employee training manuals.

9.

Any and all work orders, incident reports, notices of complaints, upkeep and maintenance records, contracts, and any and all other documents which evidence, refer to, reflect, pertain to, or concern any way the maintenance, management, inspection, and/or repair of the flooring of the Burlington Store.

10.

All documents which evidence, refer to, reflect, pertain to or concern in any way to the procedure for handling a claim of injury that takes place at Burlington stores, including, but not limited to, any and all procedure manuals, letters, memos, instruction manuals and other writings.

11.

-5-

All reports, notes, and documents which evidence, refer to or reflect any and all complaints regarding the condition or maintenance of the common areas at the Burlington Store in the last five (5) years.

12.

All reports, notes, and documents which evidence, refer to or reflect any and all claims resulting from injuries alleged to be suffered within the last five (5) years by any person in a trip-and-fall or slip-and-fall incident at the Burlington Store.

13.

Any and all notes, correspondence, memoranda, or other documentation provided to or generated by any expert acting on your behalf.

14.

All documents supporting your claim that any person or entity other than you and your employees or agents was responsible for the condition, inspection, management and/or maintenance of the Burlington Store as of May 12, 2019.

15.

Any and all documents that may support any contention made by you that any other person or entity is responsible for the injuries and damages suffered by the Plaintiff.

16.

All reports made as a result of any inspection, examination, or investigation by any person as a result of the subject incident, and the name, address and telephone number of said individual(s) who prepared said report.

Pursuant to U.S.C.R. 5.2 (2), this is to certify that the foregoing pleading was delivered for service with the Summons and Complaint upon the Defendant. The original of this request has been filed with the Court in accordance with Section 5 of the Georgia Civil Practice Act (O.C.G.A. 9-11-5) and this copy is herewith served upon you in accordance with said section. Respectfully submitted this 12th day of May, 2021.

CAMBRE & ASSOCIATES

/s/ Rachel Green
RACHEL GREEN
Georgia Bar No. 307386
Attorney for Plaintiff Skye Couamin

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
(770) 502-6116 - Telephone
(770) 637-8098 – Facsimile
rachel@glenncambre.com

-7-